Filed 7/27/26  P. v. Henderson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B346568 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA040521) |
| v. | |
| SHADRICK HENDERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Neetu S. Badhan-Smith, Judge.  Reversed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephen D. Svetich, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## MEMORANDUM OPINION[1]

In 2005, defendant Shadrick Henderson pleaded guilty to forcible rape (Pen. Code,[2] § 261, subd. (a)(2)) and forcible lewd act upon a child (§ 288, subd. (b)(1)). The trial court sentenced him to an aggregate term of 48 years in prison. That term included a doubling of Henderson's sentence on the forcible lewd act conviction based on his having a prior strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a five-year enhancement for a prior serious felony conviction (§ 667, subd. (a)(1)), 10 years for a firearm enhancement (§ 12022.53, subd. (b)), and a one-year prior prison term enhancement (§ 667.5, former subd. (b)).

In 2022, state authorities referred Henderson to the superior court for resentencing review based on the one-year prior prison term enhancement portion of his sentence, and the court appointed him counsel. (§ 1172.75, subds. (b), (c), (d)(5).)[3]

At a hearing on December 1, 2022, defense counsel consented to the court (Judge Martin L. Herscovitz) striking the now invalid one-year prior prison term enhancement with the express understanding that defense counsel could later put the matter back on calendar for a full resentencing.

---

[1] See California Standards of Judicial Administration section 8.1.

[2] Unspecified statutory references are to the Penal Code.

[3] At the time of the referral, the relevant statute was codified at section 1171.1. (Stats. 2021, ch. 728, § 3.) It was later renumbered as section 1172.75. (Stats. 2022, ch. 58, § 12.) For ease of reference, we use the current citation throughout.

On April 18, 2024, Henderson filed a motion for full resentencing pursuant to section 1172.75 and attached numerous supporting exhibits. Among other things, Henderson asked the court in resentencing him to strike his prior strike, the prior serious felony conviction enhancement, and the firearm enhancement. The People opposed Henderson's requests.

At a hearing on May 9, 2025, the superior court (Judge Neetu S. Badhan-Smith) denied the motion for resentencing, stating Henderson was no longer eligible for resentencing because the court had already stricken the one-year prior prison term enhancement on December 1, 2022. In support of its ruling, the court cited *People v. Tang* (2025) 109 Cal.App.5th 1003. Henderson timely appealed.

Henderson contends, the Attorney General concedes, and we concur that the superior court failed to conduct a full resentencing as required by section 1172.75. (See § 1172.75, subds. (c), (d).) Henderson consented to the interim striking of the prior prison term enhancement based on the court's assurance it would later conduct a full resentencing. *Tang* did not render that assurance meaningless. In that case, an appellate court had stricken the prior prison term enhancement as part of the defendant's direct appeal. (*People v. Tang, supra,* 109 Cal.App.5th at p. 1006.) More than a decade later, the defendant sought resentencing pursuant to section 1172.75 based on that stricken enhancement, and the court held that the defendant was not eligible for resentencing because the stricken enhancement was no longer "imposed" for purposes of section 1172.75. (*Tang, supra,* at pp. 1006-1007, 1010.) Henderson's case did not involve two such distinct proceedings. Instead, there was one proceeding under section 1172.75 conducted on different

dates. Moreover, Henderson only consented to bifurcating that one proceeding based on the court's assurance it would later conduct a full resentencing hearing, and it was improper for the court to later render that promise meaningless.

## DISPOSITION

The order denying resentencing is reversed and the matter is remanded for the superior court to conduct a full resentencing pursuant to section 1172.75.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.


4